IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| SCOTTY BRIDGES | § | |
| VS. | § | CIVIL ACTION NO. 9:24-cv-61 |
| JUDGE FOSTEL, ET AL. | § | |

<u>MEMORANDUM OPINION REGARDING VENUE</u>

Plaintiff Scotty Bridges, an inmate currently confined at the Gib Lewis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Judge Fostel, Prosecutor Greg Lowrey, an Assistant District Attorney, the Record Keeper at Wise County, Elizabeth Berry, and the Wise Jail Administrator. (Doc. #6.)

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

<u>Analysis</u>

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bales*, 58 F.R.D. 453, 458 (N.D. Ga. 1972), *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claims arose. Plaintiff's claims arose in Wise County, Texas. Further, the defendants are

all employed in Wise County, Texas where the claims arose.[1] When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case is Wise County, Texas. *Holloway v. Gunnell*, 685 F.2d 150, 153 n.3 (5th Cir. 1982); *Lowrey v. Estelle*, 533 F.2d 265, 267 (5th Cir. 1976).

Pursuant to 28 U.S.C. § 124, Wise County is located within the jurisdictional boundaries of the Fort Worth Division of the United States District Court for the Northern District of Texas. As Wise County is located in the Northern District of Texas, venue in the Eastern District of Texas is not proper.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This case should be transferred to the Northern District of Texas, Fort Worth Division. An appropriate order so providing will be entered by the undersigned.

**SIGNED this the 10th day of June, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent plaintiff's claims may be liberally interpreted as a challenge to his conviction, the United States District Court for the Northern District of Texas is also an appropriate venue to determine the legality of his Wise County conviction.