**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **SCOTTY BRIDGES,** | **§** | |
| **(TDCJ No. 02075398),** | **§** | |
| **Plaintiff,** | **§** | |
| **v.** | **§** | **CIVIL ACTION NO. 4:24-CV-617-O** |
| | **§** | |
| **JUDGE JOHN FOSTEL, et al.,** | **§** | |
| | **§** | |
| **Defendants,** | **§** | |

**OPINION and ORDER OF DISMISSAL**
**UNDER 28 U.S.C. §§ 1915A(B) and 1915(e)(2)(B)**

This case is before the Court for review of pro-se inmate/Plaintiff Scotty Bridges ("Bridges") case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Having reviewed the amended complaint, the Court finds that this action must be **DISMISSED** under authority of these provisions.

## I. BACKGROUND

Bridges, an inmate at the Texas Department of Criminal Justice- Gib Lewis Unit initially filed a handwritten complaint in the United States District Court for the Eastern District of Texas. Compl., ECF No. 1. That Court issued an order directing Bridges to file a form complaint and Bridges complied by filing the Court's civil-rights complaint form as an amended complaint. Am. Compl. 1-11, ECF No. 6. After further review of the claims in the amended complaint, the Eastern District of Texas transferred the case to this Court. *See Bridges v. Fostel, et al.,* No. 9:24-CV-061 (E.D. Tex Jue 10, 2024), ECF No. 15. Upon receipt and review of the case, this Court issued a Filing Fee Order to grant in forma pauperis and impose the fee payment obligations of the Prison Litigation Reform Act ("PLRA"). ECF No. 22.

Review of the amended complaint reveals that Bridges now names as defendants Judge

John Fostel, 271st District Court, Wise County, Texas, prosecutor Greg Lowrey, an unnamed Assistant District Attorney, unnamed "Record's Keepers" in Wise County, Elizabeth Berry, and an unnamed Wise County Jail Administrator. Am. Compl. 3, ECF No. 6. Other than identifying these defendants, as noted below, Bridges amended complaint is nonsensical, fanciful and delusional.

## II. LEGAL STANDARD OF REVIEW UNDER §§ 1915A and 1915(e)(2)(B)

Plaintiff Bridges is an inmate who has been permitted to proceed in forma pauperis. As a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires a district court to review a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* 28 U.S.C.A. § 1915A(a). Because Bridges is proceeding in-forma-pauperis, his complaint is also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2) and § 1915A provide for *sua sponte* dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.A. §§ 1915(e)(2)(B) and 1915A(b).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id*. at 327-28. Courts

> may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted).

## III. ANALYSIS-FRIVOLOUS CLAIMS

In this instance, the allegations in Bridges's amended complaint have risen to the level of the irrational or wholly incredible. In the Statement of Claim section of the complaint, Bridges states the following:

> After being given hallusanagins [sic] ( good old boy joke) by Shawn Wedgeworth with out my knowledge of, Ronald Loyd Tackel was involved, I assaulted Mr. Tackel with fists only, he a known brawler, the Sheriff's department left out and added to, I woke in Decatur hospital with Sherrie Jobe in my face (friend) she state she would not put a small bag to unknown men and walked out, another nurse attached to IV drip, the information I give was about them,

Am. Compl. 4, ECF No. 6. For relief, Bridges state he wants to "set a wrong to right, been attempting for 8 years, truth in view of new count hope." *Id*.

Plaintiff's allegations in this suit describe fantastic or delusional scenarios and rise to the level of the irrational or wholly incredible as recognized in *Neitzke*, 319 at 327-28 and *Denton*, 504 U.S. at 32-33. Outright dismissal for factual frivolity is appropriate "when the facts alleged are fantastic or delusional scenarios or the legal theory upon which a compliant relies is indisputably meritless." *Harris v. Hegmann*, 198 F.3d 153, 1999 WL 1128248, at *3 (5th Cir. Dec. 8, 1999) (quotations omitted). Therefore, Plaintiff's claims must be dismissed under the authority of §§ 1915(e) and 1915A.[1]

[1]The Eastern District of Texas transferor court had also previously issued a findings and recommendation that the case be dismissed as factually frivolous under 28 U.S.C. § 1915(A)(b)(1). *Bridges v. Unknown Defendants, et al*., No. 9:24-CV-061 (E.D. Tex. April 27, 2024), ECF No. 7. Upon further review by that Court after finding that venue was not proper, the report and recommendation to

## IV. CONCLUSION

It is therefore **ORDERED** that all Plaintiff's claims are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**SO ORDERED** this **9th day** of **July, 2024.**

Reed O'Connor
UNITED STATES DISTRICT JUDGE

dismiss was withdrawn, and the case was transferred to this Court. *Id*. at ECF Nos. 13, 14, and 15.